UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUMI KIM,<br><br>Plaintiff,<br><br>-against-<br><br>M&R TRANSPORTATION LLC, MG CONSTRUCTION SERVICES LLC, and JOHN DOE,<br><br>Defendants. | **MEMORANDUM & ORDER OF REMAND**<br>26-cv-00051 (DLI)(JRC) |

**DORA L. IRIZARRY, United States District Judge:**

On November 11, 2025, Sumi Kim ("Plaintiff") filed a complaint in New York State Supreme Court, Queens County ("state court") against M&R Transportation LLC ("M&R"), MG Construction Services LLC ("MG"), and John Doe (collectively, "Defendants") claiming damages and injuries arising out of an automobile accident allegedly caused by the Defendants' negligence. *See*, Complaint ("Compl."), Dkt. Entry No. 10-2, at 5–6. M&R was served with the summons and complaint on December 10, 2025, and MG was served with the summons and complaint on January 8, 2026. *See*, Decl. of Steven Louros, Dkt. Entry No. 10-1, at ¶ 2.

On January 5, 2026, MG removed the action to this Court, invoking the Court's diversity subject matter jurisdiction. *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1. The Notice does not state whether M&R consented to removal. *Id.* To support its contention that the jurisdictional amount is satisfied, MG lists several injuries Plaintiff reportedly suffered and several surgical procedures Plaintiffs reportedly underwent as a result of the accident. *Id.* at ¶¶ 8–12. MG contends that Plaintiff's alleged injuries "have a presumptive value in excess of $75,000 pursuant to 28 U.S.C. §1332." *Id.* at ¶ 13.

On January 19, 2026, Plaintiff moved to remand this action to state court. *See*, Remand

Motion ("Mot."), Dkt. Entry No. 10. On January 21, 2026, M&R and MG opposed the motion. *See*, Defs.' Opp'n Br. ("Opp'n"), Dkt. Entry No. 13-5. On January 23, 2026, Plaintiff replied. *See*, Reply Br., Dkt. Entry No. 14. For the reasons set forth below, Plaintiff's motion is granted, and this case is remanded to state court for further proceedings.

**DISCUSSION**

**I. Subject Matter Jurisdiction**

An action "filed in state court may be removed by a defendant to federal court only if the case originally could have been filed in federal court." *Rubenfeld v. Fed. Express Corp.*, No. 25-cv-03805 (DLI)(MMH), 2025 WL 3204805, at *1 (E.D.N.Y. 2025) (citing *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998)). The party removing an action based on the Court's original diversity jurisdiction bears the burden of establishing that the requirements of diversity jurisdiction have been met. *Saad v. Gonzalez*, 2025 WL 1521392, at *1 (E.D.N.Y. 2025) (citing *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011)). Specifically, that party must establish that the matter: (1) "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) "is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

A removing party must establish "that it appears to a reasonable probability that the claim is in excess of [$75,000]," exclusive of interest and cost. *Zhang v. Costco Wholesale Corp.*, No. 22-cv-7188 (DLI)(MMH), 2023 WL 2306021, at *2 (E.D.N.Y. 2023) (citing *United Food & Comm. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)); 28 U.S.C. § 1332(a). This reasonable probability must be based on "plausible factual allegations[,] either in the underlying state court complaint or in the defendant's notice of removal[,] supporting a determination that the value of the claim exceeds $75,000." *Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, 2019 WL 2193820, at *2 (S.D.N.Y. 2019). Accordingly, "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and

the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount," federal courts lack diversity jurisdiction over the case. *Diallo v. Puerta*, 2024 WL 640066, at *2 (E.D.N.Y. 2024) (citing *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994)).

Here, Defendants have failed to show that the amount in controversy required to establish diversity jurisdiction has been satisfied. While Defendants rely on the Complaint's allegations to support the assertion that the amount in controversy is met, Defendants "cannot meet [their] burden by relying on inferences drawn from the [c]omplaint, because the [c]omplaint does not allege a damages amount." *See, Herrera v. Terner*, No. 16-cv-4610 (DLI)(JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Defendants' conclusory allegation that "plaintiff's alleged injuries have a presumptive value in excess of $75,000" is not enough. Notice at ¶ 13; *Herrera*, 2016 WL 4536871, at *2 (remanding case because "boilerplate" allegations based on Article 51 of New York Insurance Law "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").

Moreover, the Complaint does not contain enough specific information regarding Plaintiff's injuries to allow the Court to draw a reasonable inference that the amount in controversy requirement has been satisfied. *See*, *e.g.*, Compl. ¶ 18 (alleging that Plaintiff "sustained physical injuries so that she became sick, sore, lame, and disabled; suffered, still suffers, and, upon information and belief, will continue to suffer great mental anguish and bodily pain"). Defendants contend that the amount in controversy is established because "plaintiff has undergone several surgeries and treatments that are allegedly causally related to the subject accident." Opp'n at 3.

However, the list of Plaintiff's alleged surgeries and treatments does not satisfy Defendants' burden. *See*, *Palmer v. Schindler Elevator Corp.*, 2017 WL 3037411, at *2 (E.D.N.Y. 2017) (finding the allegation that plaintiff suffered a lumbar spine injury or an injury that required

surgical procedures does not establish that the amount in controversy is over $75,000); *Kum v. Walcott*, 2012 WL 4772072, at *2 (E.D.N.Y. 2012) (concluding that the amount-in-controversy requirement was not met despite assertion that plaintiff underwent shoulder surgery); *Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y. 2023) (collecting cases; remanded for failure to establish amount in controversy, even where permanent, serious, and fatal injuries were alleged because the allegations did not particularize the extent of injuries or damages); *O'Neill v. Target Corp.*, 2021 WL 2634880, at *2 (E.D.N.Y. 2021) (remanding case involving allegations that "plaintiff suffered serious and permanent injury to fourteen (14) different body parts" and suffered injuries that "incapacitated her from employment and required an extensive, and ongoing, course of treatment involving nineteen (19) different medical providers/facilities," finding that the allegations provided "nothing regarding the specific amount or extent" of any alleged injuries or damages). Providing a list of injuries and medical procedures, without more, is not enough to satisfy the amount in controversy requirement. Notably, there is no indication as to how much of Plaintiff's medical treatments were covered by Plaintiff's medical insurance or car insurance.

Defendants contend that Plaintiff's silence regarding whether her case has a value more than $75,000 is a "tacit admission" that Plaintiff's case meets the amount in controversy requirement. Decl. of Keith Harris, Dkt. Entry No. 13 at 4, fn.1. This argument is meritless. *See, e.g.*, *Santamaria v. Krupa*, No. 15-cv-6259 (DLI), 2015 WL 6760140, at *2 (E.D.N.Y. 2015) ("Plaintiffs' silence regarding the amount in controversy does not relieve Defendants of their burden to set forth facts in their notice of removal establishing the jurisdictional amount."); *Kum v. Walcott*, 2012 WL 4772072, at *1 (E.D.N.Y. 2012) (the mere fact that plaintiff will not stipulate that damages do not exceed $75,000 "does not show, by a preponderance of the evidence, that the amount-in controversy requirement is satisfied"); *Noguera v. Bedard*, 2011 WL 5117598, at *2

(E.D.N.Y. 2011) ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action.").

Significantly, Defendants were not without recourse to determine the amount of damages Plaintiff seeks. "As courts in this district have reiterated time and time again in *sua sponte* remanding cases, the state courts provide an established and simple mechanism for ascertaining the amount in controversy, through a supplemental demand under [N.Y. C.P.L.R.] § 3017(c)[.]" *Cavaleri v. Amgen Inc.*, 2021 WL 951652, at *3 (E.D.N.Y. 2021) (collecting cases). Defendants "could have availed [themselves] of this procedural mechanism that permits a defendant in 'an action to recover damages for personal injuries' to[,] 'at any time[,] request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.'" *See*, *Doe v. Warner*, No. 23-cv-862 (DLI)(ARL), 659 F. Supp. 3d 293, 298 (E.D.N.Y. 2023) (quoting N.Y. C.P.L.R. § 3017(c)). Under this mechanism, a plaintiff is required to provide the supplemental demand within fifteen days of the request and failure to provide the information allows a defendant to move in the state court for an order directing the production of that information. N.Y. C.P.L.R. § 3017(c). Additionally, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Instead of prematurely removing the action to this Court, Defendants could, and should, have availed themselves of this procedural mechanism.

Accordingly, the Court finds that Defendants have failed to establish with reasonable probability that the amount in controversy requirement is met for purposes of establishing diversity jurisdiction, thus, warranting remand.

## II. The Rule of Unanimous Consent

Removing a case from state to federal court is proper only if "all defendants who have been properly joined and served . . . join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *See also*, *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) ("rule of unanimity" requires that all defendants "independently express their consent to removal").

Courts have construed the unanimous consent requirement strictly and remanded cases where the requirement is not satisfied. *See*, *Margaritis v. Mayo*, 2021 WL 3472695, at *6 (E.D.N.Y. 2021) ("The 'rule of unanimity' in obtaining consents from fellow defendants 'is strictly interpreted and enforced.' If it is not satisfied, 'then the petition is defective and the case must be remanded.'") (quoting *Percy v. Oriska Gen. Contracting*, 2021 WL 2184895, at *6 (E.D.N.Y. 2021)).

Here, the Notice is procedurally defective as it fails to state that M&R consented to the removal, even though M&R was properly served with the summons and complaint on December 10, 2026, well before MG filed the Notice. *See generally,* Notice; *See also,* Remand Mot., Exhibit B. Thus, as the Notice fails to comply with the rule of unanimity, remand is warranted. *See*, *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021) (quoting *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012)) ("It is well-established that defendants 'must independently express their consent to removal.'"); *Colebrook v. 304 Paddock Rd. LLC*, 2025 WL 2933104, at *3 (E.D.N.Y. July 7, 2025), *report and recommendation adopted sub nom. Colebrook v. 304 Paddock Roads LLC*, 2025 WL 2505541 (E.D.N.Y. Sept. 2, 2025) (finding that failure to consent, as apparent from the notice of removal, provides a basis for remand).

In addition, to comply with the rule of unanimity, "each defendant must submit written consent unambiguously agreeing to removal." *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, 2015 WL 1730067, at *4 (S.D.N.Y. 2015) (quoting *Payne v. Overhead Door Corp.,* 172 F.

Supp.2d 475, 477 (S.D.N.Y. 2001)). It is insufficient for a non-removing defendant to merely advise the removing defendant that it consents to removal. *See*, *Jean-Jacques v. Uber Techs., Inc.*, 2022 WL 17095036, at *1 (E.D.N.Y. Oct. 21, 2022), *report and recommendation adopted*, 2022 WL 17092835 (E.D.N.Y. Nov. 21, 2022); *See also, Metro. Transp. Auth.*, 2015 WL 1730067, at *4 (where "the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period.") (quoting *In re Vill. of Kiryas Joel, N.Y.*, 2012 WL 1059395, at *3 (S.D.N.Y. 2012). Here, M&R has neither signed the Notice nor provided the Court with its unambiguous written consent to removal within the thirty-day period.

Defendants contend that the lack of unanimous consent resulted from confusion as to defense counsel's scope of representation. Opp'n at 5. Defendants further argue that the lack of unanimity issue is moot because M&R consents to removal. Affirmation in Opposition to Plaintiff's Motion for Remand at ¶ 24. However, Defendants' confusion regarding whether defense counsel represented M&R or not is irrelevant. *See, Nasir v. HD Supply Facilities Maint., LTD*, No. 19-cv-00416 (DLI)(VMS), 2021 WL 5356746, at *2 (E.D.N.Y. 2021) (explaining that under Second Circuit case law, the removal statute's language is mandatory and as such, a defendant cannot file a notice of removal without fulfilling the unanimous consent requirement). Furthermore, retroactive consent does not satisfy the unanimous consent requirement. *See*, *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021) ("Where . . . a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent.").

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand this case to state court is granted. Accordingly, this case is remanded to the Supreme Court of the State of New York, Queens County under Index No. 733947/2025.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2026

/s/
DORA L. IRIZARRY
United States District Judge